IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| MARTHA H. WING <br> Plaintiff <br><br> vs. <br><br> EDWARD D. JONES & CO., L.P. <br> A Missouri Limited Partnership <br> d/b/a "EdwardJones" <br> KENNETH R. NEELY, and <br> JULIA R. NEELY, as the <br> natural parents and next friends of <br> C.J.N. and S.J.N., minors <br> Defendants | **Civil Action No. 4:13-cv-01901-DDN** <br><br><br> JURY TRIAL REQUESTED |

# COMPLAINT

Statutory Action under Rule 57 FRCP and 28 U.S.C. 2201(a) by Executrix of Estate for Declaratory Judgment to determine validity of beneficiary designation in an IRA investment account.

### PARTIES

1. PLAINTIFF is an adult resident citizen of Desoto County, Mississippi. She is the executrix of the Estate of Marlene H. Neely, deceased. The Estate is administered through the Chancery Court of Desoto County, Mississippi, under civil action No. 13-cv-0053 (ML).

2. Defendants KENNETH R. NEELY and JULIA R. NEELY are resident citizens of the State of Illinois. They are the natural parents and next friends of C.J.N. and S. J. N., minors.

1

3. Defendant EDWARD D. JONES & CO., L.P is a Missouri Limited Partnership, d/b/a "EDWARDJONES", with its principal place of business in St. Louis, MO. Said Defendant is the depository of an IRA Investment Account in which the decedent is listed as the account holder. EDWARDJONES is not a real party in interest, is only a nominal party with the role of a depository or stakeholder, and no relief is requested against said Defendant. Joining EDWARDJONES as a party defendant enables it to interplead the funds held and to be relieved from any participation in the dispute between the real parties in interest.

## JURISDCITION

4. There is complete diversity of citizenship between the parties.

5. There is also personal jurisdiction over Defendants NEELY and C.J.N. and S.J.N.

(a) These Defendants, having been named contingent beneficiaries of an IRA account through the services of a third party, have derived benefits under a contract with Defendant EDWARDJONES to be performed by said Defendant within this District.

The beneficiary designation had to be processed by Defendant EDWARDJONES through that Defendant's principal place of business in St. Louis, MO.

PLAINTIFF'S cause of action arose from that transaction of business within the state of Missouri and from the making of a contract within the state of Missouri. The beneficiary designation could only be effective if recognized by the records and by the data base maintained by Defendant EDWARDJONES at its principal place of business in this district.

(b) Due Process requirements of the US constitution are satisfied. Defendants NEELY and C.J.N. and S.J.N., Illinois residents, have dealt with a company (Defendant

EDWARDJONES) headquartered in St. Louis, Missouri and should reasonably anticipate being hauled into court there.

VENUE

6. A substantial part of the property that is the subject of the action is located in this District. The contested property consists of IRA funds. These funds are under the control of Defendant EDWARDJONES and the control of EDWARDJONES funds is exercised from that Defendant's head office in St. Louis, MO. The property (IRA funds) is therefore "located" in this District.

7. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

FACTS

8. On April 17, 2000 Marlene H. Neely opened an IRA investment account with Defendant EDWARD JONES, designated as account No. 240-91506. The primary beneficiary was designated as Thomas W. Neely, her husband. A copy of relevant parts of the account agreement is enclosed as Exhibit "A" hereto.

9. The account balance, as of December 31, 2012 was the sum of $885,510.51. A copy of an account balance statement is enclosed as Exhibit "B" hereto.

10. On March 19, 2010, Marlene H. Neely, the owner of the account, executed a new beneficiary designation, this time, in addition to her husband as primary beneficiary, also listing

Defendants C.J.N. and S.J.N., minors, great-nephews of Thomas W. Neely, as "contingent" beneficiaries. A copy of said new beneficiary designation is enclosed as Exhibit "C" hereto.

11    On July 26, 2010 Thomas W. Neely died as a result of a self-inflicted gunshot wound to his head.

12.    On December 3, 2012 Marlene H. Neely, the holder of the IRA investment account with Defendant EDWARDJONES, died. She left a will and designated PLAINTIFF as her executrix. Copies of the death certificate and of the Court Order admitting the will to probate are enclosed as Exhibits "D" and "E" hereto.

13.    Testamentary Letters were issued to the PLAINTIFF on January 10, 2013, a copy of which is enclosed as Exhibit "F" hereto.

14.    On June 19, 2013 PLAINTIFF, as executrix of the estate of Marlene H. Neely, deceased, filed a Motion for leave to litigate the beneficiary designation of March 19, 2010. On July 16, 2013 the Chancery Court of Desoto County, Mississippi entered an Order authorizing such litigation. Copies of the Motion and of the Order of the Court are enclosed as Exhibits "G" and "H" hereto.

15.    When Marlene H. Neely, the decedent, signed the beneficiary designations of March 19, 2010 she did so under undue influence, dominance and control of her husband, Thomas W. Neely, who did not disclose to her the terms, the meaning and the effect of this document. Over their married life, Thomas W. Neely had never allowed Marlene H. Neely, his wife, to socialize or to handle finances.  As a result, Marline H. Neely was totally incapable to handle and to understand finances.

16. Attempts of settlement with the DEFENDANTS have been unsuccessful and whether or not the funds held by Defendant EDWARDJONES are assets of the estate administered by the Chancery Court of Desoto County, Mississippi can only be resolved by litigation. That would enable Defendant EDWARDJONES to interplead the contested funds and to avoid being a continuing party to the controversy.

## CAUSES OF ACTION

17. <u>Declaratory Relief.</u>

In case of an actual controversy within this jurisdiction, a Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought *(Rule 57 FRCP referring to 28 USC 2201(a))*.

18. <u>Unsound Mind.</u>

The beneficiary designation of March 19, 2010 is void and unenforceable because it was made by a person of unsound mind.

19. <u>Undue Influence</u>.

The beneficiary designation of March 19, 2010 is void and unenforceable because it was made by a person under the undue influence and control of another.

20. <u>Constructive Fraud.</u>

The beneficiary designation of March 19, 2010 is void and unenforceable because it was made at the instance of a person who abused his confidential relationship.

21. <u>Actual Fraud</u>.

The beneficiary designation of March 19, 2010 is void and unenforceable because it was made at the instance of a person who made misrepresentations about the intent and the effect of such designations. The specifics are:

(a) On March 19, 2010 Thomas W. Neely represented to Marlene H. Neely that the proposed changes in beneficiary designations were of no consequence to her.

(b) This representation was material and false. It was made with knowledge of the falsity.

(c) Marlene H. Neely, in good faith, relied upon the representation and executed the change of beneficiary designation.

(d) As a result, she suffered loss.

<u>RELIEF</u>

THEREFORE, PLAINTIFF asks the Court for the following relief:

(a) Judgment declaring the Beneficiary Designation for account # 240-91506 held by Defendant EDWARDJONES, made by Marlene H. Neely on March 19, 2010, void and unenforceable.

(b) Order for a speedy hearing.

(c) Order directing the Clerk of the Court to disburse any funds that may be interpleaded by Defendant EDWARDJONES to the PLAINTFF as executrix.

Date: 19 September 2013.

Respectfully submitted by:

/s/ Christian Goeldner
**The Goeldner Law Firm**
Attorneys for PLAINTIFF
P.O. Box 1468
Southaven, MS 38671-1468
Tel. 662-342-7700
Fax 662-342-7700
e-mail: chris@gpmlawfirm.net